IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KELLY MUELLER                                                 PLAINTIFF

             v.                     Civil No. 05-2039

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                           DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff Kelly Mueller brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) and supplemental security income benefits (SSI) pursuant to §§ 216(i) and 223 of Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 416(i) and 423, and § 1602 of Title XVI, 42 U.S.C. § 1381a, respectively. In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**Procedural and Factual Background**

The plaintiff filed her applications on August 14, 2001, alleging an onset date of June 23, 2001. (Tr. 90-92, 309-311.) The applications were initially denied (Tr. 45-46, 47-48, 312, 316) and that denial was upheld upon reconsideration (Tr. 56-58). Plaintiff then made a request for a hearing by an Administrative Law Judge (ALJ). (Tr. 6-61.)

On September 10, 2002, a hearing was held by the ALJ. The plaintiff was represented by counsel at this hearing. (Tr. 21-42.) The ALJ issued an unfavorable ruling on October 9, 2002, deciding that the plaintiff was not disabled within the meaning of the Act. (Tr. 6-16.) The

plaintiff then requested a review of the hearing by the Appeals Council (Tr. 5), which denied that request on February 28, 2003 (Tr. 3-4); thus, the ALJ's decision became the final action of the Commissioner. This court, upon motion from the Commissioner, remanded the case pursuant to "sentence four" of section 405(g). (Tr. 338-340.) Upon remand, the ALJ held a supplemental hearing on August 19, 2004. At this hearing, the plaintiff informed the court that she had begun working, and her applications for DIB and SSI were amended to a closed period of disability from June 29, 2001 until December 1, 2002. (Tr. 364.)

A second unfavorable ruling was issued on October 25, 2004. (Tr. 326-337.) The plaintiff then requested a review of the hearing by the Appeals Council (Tr. 324), which denied that request on February 17, 2005 (Tr. 319-320); thus, the ALJ's decision became the final action of the Commissioner. On March 10, 2005, plaintiff filed a complaint with this court seeking judicial review of that decision. (Doc. 1.) The commissioner has filed an appeal brief with the court. (Doc. 6.) This case is before the undersigned pursuant to the consent of the parties. (Doc. 4.)

At the time of her first hearing, plaintiff was 31 years of age. She has a high school diploma, and a previous work history as a waitress, a telemarketer, a press operator, and a hotel desk clerk. (Tr. 24-29.) Since the age of 11, plaintiff has experienced epileptic seizures, both grand mal and petit mal seizures. (Tr. 29-30.) One grand mal seizure resulted in a broken jaw bone. (Tr. 30.) To treat the seizure condition, plaintiff takes Depakote. (Tr. 31.) At her first hearing, plaintiff testified:

> Attorney: Now Dr. Murphy has made a note in his records that since you have been on the, I guess the new dosage of Depakote that your seizures are under good control. What type [of] seizures is he referring to?

> Plaintiff: The grand mal seizures.
> Atty: The grand mal. All right.
> Pla: Petit mal seizures I have everyday.
> Atty: Okay. Only grand mal seizures, now when you have one of those that's what we typically think of is someone falling and having a seizure and that sort of thing.
> Pla: Yes.
> Atty: You're not -- how often are you having the grand mal seizures now that you're on a higher dosage of Depakote?
> Pla: If I took the medication correctly and I would say also, you know, get a proper amount of sleep and things like that it shouldn't, you know, it doesn't usually happen--
> Atty: Okay.
> Pla: -- all the time
> Atty: And I noted also in the records that there's been some history of you not being able to take your medication. It generally refers to the lack of finances.
> Pla: Yes.
> Atty: You don't have any money. You can't take your medication.
> Pla: Yes.

(Tr. 31-32.)

In the first hearing, the ALJ proposed a hypothetical to the vocational expert as follows:

> ALJ: I would like you to assume a hypothetical person of the Claimant's age, education, and the same work background. First, this person must avoid all exposure to hazards. This person cannot drive. This person would suffer from frequent unscheduled lengthy periods of work interruption due to seizure activity. Chronic fatigue due to the affect of medication would require frequent and unscheduled rest periods. This person has a marked limitation in the ability to concentrate and remember. And there could be, there could reasonably be absenteeism in excess of four times per month. Do you think that person could return to any past relevant work?
> VE: No, sir.
> ALJ: Do you think there are any jobs in significant numbers in the economy that person could do?
> VE: No, sir.

(Tr. 40-41.)

At the second hearing, the plaintiff testified that she was now able to maintain employment because her medication has been regulated, and she is on a drug program. (Tr. 370.)

AO72A
(Rev. 8/82)

**Applicable Law**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

## Discussion

Here the record contains numerous references to plaintiff's inability to afford the medication necessary for her to control her seizures. (Tr. 120, 139, 157, 186, 191, 252, 357, 34.) The ALJ finds, however, that she is not disabled because "the claimant has established a pattern of gaining good control over her seizure activity with proper medication and then becoming non-compliant with her medication regimen." (Tr. 333.) While the ALJ notes that plaintiff did tell one doctor that she was non-compliant with her seizure medication because she had run out of money (Tr. 332), the ALJ fails to discuss whether plaintiff's financial constraints prevented her from following the medication regimen. To a poor person, a medicine that she cannot afford to buy does not exist. *Dover v. Bowen,* 784 F.2d 335, 337 (8th Cir.1986); *Benson v. Heckler,* 780 F.2d 16, 18 (8th Cir.1985). It may be that the plaintiff did have access to the medication or was not in such financial distress that she could not afford the medication, however such an analysis

has not performed in this case. While the ALJ may reach the same conclusion, substantial evidence must support that conclusion. That is not found on the decision here where no analysis of plaintiff's ability to afford the medication is made, yet the ALJ bases his determination on the fact that plaintiff is not disabled when her seizures are controlled by the medication. *See Groeper v. Sullivan*, 932 F.2d 1234, 1239 (8th Cir. 1991) (recognizing that ALJ's decision may be same after proper analysis).

**Conclusion:**

Accordingly, the ALJ's decision denying DIB and SSI to the plaintiff is not supported by substantial evidence and should be reversed. This matter should be remanded to the Commissioner for reconsideration to include a more through analysis of whether plaintiff's financial status limited the treatment she sought during the relevant time period.

DATED this 27th day of March 2006.

**/s/ Beverly Stites Jones**
_____
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**